JAMES KIRKPATRICK, APPELLANT, v. LIZZIE FONNER, APPELLEE.

FILED JUNE 4, 1908. No. 15,231.

1. **Landlord and Tenant: SALE OF CROP: RIGHT OF ENTRY.** One who has purchased from a tenant matured crops still standing in fields on the leased premises has a right, during the term of the lease, to enter and harvest the crop in the usual and customary manner. A provision in the lease against subletting does not affect the right of the purchaser to enter upon the leased premises for the purpose of harvesting the crops.

2. **Injunction.** Plaintiff was not entitled to an injunction against the defendant to prevent defendant from interfering with plaintiff in the harvesting of matured crops, which he had purchased from defendant's tenant, and which were grown upon defendant's premises, where the only acts of interference shown on the part of the defendant consisted in ordering plaintiff not to come upon the premises, and in ordering him to remove therefrom after he had entered, and in fastening up certain gates, which did not have the effect of preventing plaintiff from harvesting the crops.

APPEAL from the district court for Hall county: JAMES R. HANNA, JUDGE. *Affirmed.*

*O. A. Abbott,* for appellant.

*J. H. Woolley, contra.*

GOOD, C.

Lizzie Fonner leased certain farm lands in Hall county to one Dou for a term of one year, beginning March 1, 1906, for cash rent. The lease contained a clause prohibiting the tenant from subletting the premises without the consent

of the landlord.   In October, 1906, after the crops were
matured and partially harvested, Dou, the tenant, sold the
corn stalks, from which the corn had been gathered, to-
gether with 40 acres of ungathered corn, to Kirkpatrick.
Within a few days the tenant removed from the farm and
surrendered the keys of the house to Mrs. Fonner.   The
tenant claims that he surrendered only the possession of
the buildings, while Mrs. Fonner claims that he surren-
dered his lease and all right to the premises.   Within a
few days of the purchase of the corn and corn stalks in
the fields, Kirkpatrick turned about 50 head of cattle into
the fields for the purpose of feeding down the corn and
stalks that he had purchased.   A controversy arose be-
tween Mrs. Fonner and Kirkpatrick with reference to the
latter's pasturing his cattle upon the premises.   The cattle
were driven from the premises, and, when Kirkpatrick
attempted to drive them back, there was a further contro-
versy with Mrs. Fonner.   He, however, put the cattle
again in the fields, and it appears that they were driven
out on two or three different occasions.   Kirkpatrick
brought this action to enjoin Mrs. Fonner from driving
his cattle from the premises, or interfering with him in the
harvesting of the corn and corn stalks which he had pur-
chased from Mrs. Fonner's tenant.   In his petition the
plaintiff charged that the defendant had wrongfully
driven his cattle off of the premises on several different
occasions, and that she was interfering with his gathering
and harvesting the crop which he had purchased, and that
she had threatened and would continue to interfere with
his gathering and harvesting the crop unless enjoined.
Mrs. Fonner pleaded in her answer the provisions of the
lease against subletting, and charged that Kirkpatrick's
cattle were trespassing upon her premises and doing great
injury thereto, admitted certain formal allegations in the
petition, and denied all the other allegations thereof.
Upon a proper showing a temporary order of injunction
was allowed by the county judge.   Upon a trial of the

6

issues thus framed the district court found in favor of the defendant, and dismissed plaintiff's petition for want of equity. Plaintiff has appealed.

A number of questions of law are presented and argued in the briefs, which are unnecessary to consider at length. We do not think the provisions of the lease against subletting were in anywise a bar to the right of the tenant to sell his crop upon the premises. We think the tenant had the undoubted right to sell the crop, including the corn stalks, and that the purchaser acquired the right to go upon the premises during the life of the lease for the purpose of harvesting or removing the crop in the usual and customary manner. And during the life of the lease the landlord would have no right to interfere with the purchaser in the proper harvesting of the crop. But in this case the evidence does not show that the appellee was guilty of such interference as would warrant the issuance of an injunction. It is very apparent that she did not want Kirkpatrick to pasture 50 head of cattle on her farm, and that she did not want his cattle to range upon and over her premises and about the buildings thereon, and it appears that she believed that the appellant was a trespasser, and ordered him on several occasions to take his cattle off, and that after the cattle had been driven off of the premises by some one she refused to permit the appellant to return the cattle to the premises. It appears, however, that he disregarded her refusal, and returned the cattle into the fields. The evidence shows that on several occasions thereafter the cattle were either driven from or permitted to escape from the premises. The appellant charges that appellee drove the cattle away, and, in fact, so testified. But it appears that his evidence in that respect is a conclusion, rather than a statement of fact. It is not apparent that he saw the appellee drive the cattle from the field, or that any other witness did so. She positively denied that she drove the cattle off, or authorized any one else to do so. In this state of the record we think the evidence was wholly insufficient to justify the issuance

of an injunction, as it does not appear that the appellee was in anywise actively interfering with the appellant in the harvesting of the corn and corn stalks which he had purchased from the appellee's tenant. The finding and judgment of the district court are supported by the evidence, and should be affirmed.

We therefore recommend that the temporary order of injunction, which has been continued in force by means of a supersedeas bond, be dissolved, and that the judgment of the district court be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the temporary order of injunction granted in this cause be dissolved, and that the judgment of the district court be

AFFIRMED.